UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKIE M. KING, | CASE NO. C20-1053JLR |
| Plaintiff, | SHOW CAUSE ORDER |
| v. | |
| GAIL JENKINS, et al., | |
| Defendants. | |

Before the court is Plaintiff Nikie M. King's *pro se* complaint. (*See* Compl. (Dkt. # 6).) Because Ms. King is proceeding *pro se*, the court liberally construes her pleadings. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (noting obligation to construe *pro se* pleadings liberally). Nevertheless, the court has reviewed Ms. King's complaint and finds that it does not contain a sufficient "short and plain statement of the court's grounds for jurisdiction." *See* Fed. R. Civ. P. 8(a)(1). Accordingly, the court orders Ms. King to file a submission providing information establishing a basis for the court's exercise of subject matter jurisdiction within 14 days of the date of this order.

SHOW CAUSE ORDER - 1

1   Federal district courts are "courts of limited jurisdiction," possessing "only that
2   power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.,*
3   *Inc.*, 545 U.S. 546, 552 (2005). If a federal court determines that it lacks subject matter
4   jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R.
5   Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987). The
6   party invoking jurisdiction must allege facts that establish the court's subject matter
7   jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Ms.
8   King has failed to establish the court's subject matter jurisdiction.

9   The court cannot determine what claims Ms. King intends to bring in her
10  complaint. As best the court can tell, Ms. King appears to be alleging some sort of
11  housing dispute related to legal proceedings that occurred in Florida. (*See generally*
12  Compl.) Ms. King alleges that this court has federal question jurisdiction over this claim
13  pursuant to 28 U.S.C. § 1331, but in the portion of the form complaint that asks Ms. King
14  to detail the statutes, treaties, or constitutional provisions under which she sues, Ms. King
15  states "threat to human life national U.S. housing misc." (Compl. at 3.) Thus, absent
16  some measure of clarification as to the legal claims that Ms. King asserts in this case, the
17  court is unable to determine whether it has federal question jurisdiction over this case.
18  Further, it appears that the court does not have diversity jurisdiction under 28 U.S.C.
19  § 1332 either. Ms. King alleges that she is a citizen of Florida, and that one or both of the
20  named defendants are also Florida residents. (*See* Compl. at 3-4.) Thus, it appears that
21  diversity jurisdiction is not available here.
22  //

1 | Because Ms. King's complaint fails to identify the claims that she intends to assert
2 | in this case and because it appears that the court also lacks diversity jurisdiction, the court
3 | ORDERS Ms. King to show cause why the court should not dismiss this matter for lack
4 | of subject matter jurisdiction.  Within fourteen days of the filing date of this order, Ms.
5 | King must (1) provide sufficient information to establish that the court has federal
6 | question jurisdiction over this case under 28 U.S.C. § 1331, or (2) provide some other
7 | basis for the court's exercise of subject matter jurisdiction over this action.  If Ms. King
8 | fails to timely respond to this order, fails to provide information establishing complete
9 | diversity of citizenship between the parties to this lawsuit, or fails to provide some other
10 | basis for the court's exercise of subject matter jurisdiction, the court will dismiss this
11 | action without prejudice.
12 | Dated this 23rd day of November, 2020.

JAMES L. ROBART
United States District Judge